# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY RIKKERS, on Behalf of Himself and All Others Similarly Situated,

        Plaintiff,

v.

MENARD, INC.,

        Defendant.

Case No.: _____

## COMPLAINT

For this class action Complaint, Plaintiff Timothy Rikkers alleges and states as follows:

## PARTIES

1. Defendant Menard, Inc. (hereafter, Menards) is a corporation organized under the laws of the state of Wisconsin having its headquarters at 5101 Menard Dr., Eau Claire, WI 54703, and having, according to its website, more than 300 home improvement stores located in Wisconsin, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, and Wyoming.

2. Plaintiff Timothy Rikkers is a Wisconsin resident who, on August 21, 2017, purchased products at the Menards store located at 430 Commerce Drive in Madison, Wisconsin.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). There are at least 100 members in the proposed class and, upon information and belief, the aggregated claims of the individual class members exceed the sum or value of

$5,000,000, exclusive of, interest and costs, and this is a class action in which Defendant and more than two-thirds of the proposed plaintiff class are citizens of different states.

4. This Court has jurisdiction over Menards as it is Wisconsin corporation headquartered in this State with numerous home improvement stores in this State, including in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391 because Menards resides in this District as it is subject to personal jurisdiction in this District, and Menards has numerous home improvement stores in this District and makes statements and representations regarding its Rebate Sales in this District.

## CLASS ACTION ALLEGATIONS

6. This action is brought and may be properly maintained as a class action, as it satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(1), (b)(2) and (b)(3). Plaintiff seeks certification of the following classes:

> **False Advertising Class**
>
> All persons who purchased one or more products from Menards subject to a Rebate Sale during the Class Period.
>
> **Unfair Billing Sub-Class**
>
> All persons who purchased one or more products from (i) a Menards' home improvement store located in Wisconsin, or (ii) the Menards website, and that was subject to a Rebate Sale during the Class Period

Plaintiff reserves the right to modify the class definitions or add sub-classes as necessary prior to filing a motion for class certification.

7. The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on the date of entry of judgment.

2

8. A "Rebate Sale" refers to Menards' sales advertising campaigns for a "Rebate on Everything," that is, a rebate on the price of every product purchased from Menards during a specific start and end date range. The exact dates of all Rebate Sales during the Class Period can be ascertained from Menards' records.

9. Excluded from the Class is Menards; any affiliate, parent, or subsidiary of Menards; any entity in which Menards has a controlling interest; any officer, director, or employee of Menards; any successor or assign of Menards; anyone employed by counsel in this action; any judge to whom this case is assigned, his or her spouse and immediate family members; and members of the judge's staff.

10. Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class and sub-Class.

11. <u>Numerosity</u>: While the exact number of members cannot be determined yet, the class consists at a minimum of thousands of persons located throughout the States of Wisconsin, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, and Wyoming.

12. The members of the Classes are therefore so numerous that joinder of all members is impracticable. The exact number and identification of Class members can readily be determined by review of information required to be maintained by All Savers.

13. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Classes. Among the questions of law and fact common to the Class are:

    a. Whether Menards' advertising and representations offering a "rebate" on the price of items purchased from Menards is untrue, deceptive or misleading;

b. Whether Menards' advertising and representations of a "final price" of items purchased from Menards is untrue, deceptive or misleading;

c. Whether Menards advertising and representations offering a "rebate" and a "final price" including that rebate is deceptive advertising that violates Wis. Stat. § 100.18(9);

d. Whether Menards advertising and representations which commits consumers to purchase from Menards other goods violates Wis. Stat. § 100.195(2); and

e. Whether Menards was unjustly enriched by its untrue, deceptive or misleading statements that it is providing a "rebate" off the price of its products.

14. <u>Typicality</u>: Plaintiff has substantially the same interests in this matter as all other members of the Classes, and their claims arise out of the same set of facts and conduct as all other members of the Class. Plaintiff and all Class members have sustained damages arising out of Menards' course of conduct and were damaged in materially the same way by Menards' wrongful conduct.

15. <u>Adequacy of Representation</u>: Plaintiff is committed to pursuing this action and have retained competent counsel experienced in class action and complex litigation. Accordingly, Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff's claims are coincident with, and not antagonistic to, those of the other Class members they seek to represent. Plaintiff has no disabling conflicts with the members of the Class and will fairly and adequately represent the interests of the Class members.

16. <u>Superiority</u>: A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Class-wide litigation of common issues will reduce litigation costs and promote greater efficiency. Individualized litigation brought by members of

4

the Class would create the danger of inconsistent or contradictory judgments arising from the same set of facts and would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## CLAIMS FOR RELIEF

### First Cause of Action
### Violation of Wis. Stat. 100.18
### (On Behalf of the False Advertising Class)

17. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

18. Defendant Menards operates home improvement stores located throughout Wisconsin as well as in at least 13 other states.

19. In order to sell more products and attract customers to its stores, Menards regularly has Rebate Sales during which it claims to offer "rebates" off the purchase price of every item purchased from Menards.

20. For example, during the Class Period, Menards has regularly advertised a "11% Rebate on Everything" purchased from Menards between specific date ranges, such as from August 20, 2017 to August 26, 2017, from August 27, 2017, through September 4, 2017, and from September 3, 2017 to September 9, 2017.

21. Menards advertises its Rebate Sales on its website, in printed materials, and in television ads. Upon information and belief, all of the advertising for the Rebate Sales during the Class Period was developed or approved by Menards and disseminated by Menards from its headquarters in Wisconsin.

22. The products Plaintiff Rikker purchased from Menards on August 21, 2017, were subject to a Menards's Rebate Sale advertising an "11% Rebate on Everything." A true and accurate copy of the receipt Menards provided to Plaintiff Rikker is attached hereto as Exhibit A.

23. Plaintiff Rikker expected Menards to provide him an 11% rebate ($21.32) off the price of the items he purchased from Menards.

24. Indeed, the plain and ordinary meaning of a "rebate" is the return of part of an amount paid for an item, either at the time of sale or afterwards, that serves to discount or reduce the price paid for the item.

25. Menards' statements and representations regarding its Rebate Sales is consistent with the plain and ordinary meaning of the term "rebate."

26. For example, Menards' statements and representations on its website about its Rebate Sale, attached hereto as Exhibit B and a relevant portion of which is reproduced below, state as follows:



6

27. As reflected in Exhibit B, Menards advertises the "rebate" as a discount or reduction that reduces the "final price" a Plaintiff or Class member pays for the product. In Exhibit B, Menards states that the "sales price" of the can of paint is $35.94, that the "rebate" discounts or reduces the sales price by $3.95, and that the "final price" after the "rebate" is $31.99.

28. Menards' statements in its advertising that the "rebate" is a discount or reduction of the price a consumer pays for a product are untrue, deceptive and misleading. When a Plaintiff or Class member purchases a product from Menards during a Rebate Sale, Menards does not apply a "rebate" to reduce or discount the "final price" a Plaintiff or Class member pays for the product being purchased. Nor does Menards partially refund any money to a Plaintiff or Class member after the sale by, for example, mailing a check to the consumer, to reduce the price of the product being purchased.

29. Menards' statements in its advertising about the "final price" a consumer can pay for a product during a Rebate Sales are also untrue, deceptive and misleading.

30. Instead, the "rebate" advertised by Menards is not a rebate but an in-store credit that expires and that can only be redeemed by going to a Menards store and purchasing additional and limited products from Menards. A Plaintiff or Class member cannot use the Menards' in-store credit from this "Rebate Sale" to make online purchases at www.menards.com, and purchases made with the in-store credit are limited to stock on hand.

31. Menards also reserves for itself the sole discretion to unilaterally impose terms reducing the value of any in-store credit, thereby further demonstrating how the in-store credit is not a reduction or discount of the price of the item purchased.

7

32. Moreover, Menards does not provide the in-store credit to a Plaintiff or Class member immediately after purchase. Instead, Menards requires a Plaintiff or Class member to fill out a "rebate form," pay the additional cost of mailing the form to Menards, and then wait approximately six to eight weeks to receive their in-store "Credit Check." And if a Plaintiff or Class member does not promptly fill-out the form and mail it within the deadline set by Menards, which upon information and belief is typically three weeks from the date the promotion ends, then Menards will refuse to even issue any in-store credit. Menards does not disclose this additional deadline until after the purchase is complete.

33. Because a Plaintiff or Class member must pay the cost of mailing the rebate form, Menards statements in both its advertising and the Menards' receipt about the amount of the in-store credit a Plaintiff or Class member will receive is also untrue, deceptive and misleading.

34. Menards makes similar representations and statements in printed materials about its Rebate Sale that are untrue, deceptive and misleading. An example of a Menards printed advertisement of its Rebate Sale is attached hereto as Exhibit C, a relevant portion of which is reproduced below:



35. As with its statements in Exhibit B, Menards' statements in its printed advertising in Exhibit C that the "rebate" is a discount or reduction of the price a Plaintiff or Class member pays for a product are untrue, deceptive and misleading, and Menards' statements in its printed advertising about the "final price" a Plaintiff or Class member can pay for a product during a Rebate Sale are also untrue, deceptive and misleading.

36. Menards also advertises its Rebate Sale in its more than 300 stores. An example of Menards' in-store advertising from its store located at 8110 West Brown Deer Road, Milwaukee, WI 53223 is attached as Exhibit D and reproduced below:

9




37. Menards' statement that its "rebate" results in an 11% discount or reduction in the purchase price – "11% **OFF** Everything" – is untrue, deceptive and misleading.

38. Likewise, Menards' statement that a Plaintiff or Class member "Get an 11% Mail-In Rebate On ALL Your Purchases" is untrue, deceptive and misleading. Menards does not return or otherwise partially refund any money to a Plaintiff or Class member after the sale by, for example, mailing a check to the consumer, and the Menards' "rebate" does not reduce the price of any product that a Plaintiff or Class member purchases.

39. Menards also advertises its Rebate Sale on television and makes statements and representations about its Rebate Sales. An example of a Menards' television advertising is the following true and accurate excerpts taken from "Commercial 2"[1] on the Menards' website:

---

[1] *See* https://www.menards.com/main/weekly-television-ads/c-13238.htm

10






40. Menards' statements in its television advertising that the "rebate" is a discount or reduction "on" the price a Plaintiff or Class member pays for a product are untrue, deceptive and misleading, and Menards' statements in its printed advertising about the "final price" a consumer can pay for a product during a Rebate Sale are also untrue, deceptive and misleading.

41. Menards printed "Labor Day Specials!" advertising, a true and accurate copy of which is attached hereto as Exhibit E, states that Menards has "Great Sales Prices! Plus 11% Rebate on Everything," and that the "Prices shown before 11% rebate."

42. Menards' statements in its "Labor Day Specials!" advertising that the "rebate" is a discount or reduction "on" the sale price are untrue, deceptive and misleading.

43. Not only are Menards' statements and representations about its "Rebate Sale" untrue, deceptive and misleading, but Menards regularly fails to disclose that the "rebate" does not reduce or discount the final price paid for a product or that it is an in-store credit.

44. For example, the receipt Menards provides to Plaintiff and Class members when they purchase a product states the dollar amount of the "rebate," but nowhere does the Menards receipt disclose that the "rebate" is actually an in-store credit that can only be redeemed at

12

Menards by purchasing additional products from Menards. Nor does the Menards receipt disclose that Plaintiff and Class members will have to pay additional money to mail the rebate form to Menards.

45. The Menards website advertising the "Rebate Sale," Exhibit B, fails to disclose that the "rebate" is actually an in-store credit that expires and that can only be redeemed at Menards by purchasing additional products from Menards. Nor does Exhibit B disclose that Plaintiff and Class members will have to pay additional money to mail the rebate form to Menards.

46. The Menards television advertising the "Rebate Sale," fails to disclose that the "rebate" is actually an in-store credit that expires and that can only be redeemed at Menards by purchasing additional products from Menards. Nor does Menards television advertising disclose that Plaintiffs and Class members will have to pay additional money to mail the rebate form to Menards.

47. Menards' printed materials regularly fail to disclose that the "rebate" is actually an in-store credit that expires and that can only be redeemed at Menards by purchasing additional products from Menards. *See e.g.*, Exhibit C at pages 1-14; Exhibit E. Instead, Menards does not disclose that the "rebate" is an in-store credit until the final page of Exhibit C and Exhibit E in fine print at the bottom of the page, and even then Menards fails to disclose material information. For example, Menards fails to disclose that consumers will have to pay additional money to mail the rebate form to Menards and then will have to wait six to eight weeks to receive their in-store credit check.

48. Upon information and belief, Menards' statements and representations as alleged herein about its Rebate Sale in Exhibits B, C, D and E and its television advertising are either

13

identical or substantially identical to Menards' statements and representations about all of its Rebate Sales during the Class Period.

49. Menards' untrue, deceptive and misleading statements about its Rebate Sales are part of a coordinated and uniform program that, upon information and belief, was established, controlled and approved by Menards at its headquarters in Wisconsin. Menards' headquarters then made these statements Company-wide across all of its stores and disseminated them in every state in which Menards operates home improvement stores.

50. Menards' untrue, deceptive and misleading statements violate Wis. Stat. § 100.18(1).

51. Menards statements and representations about the price of the products during its Rebate Sales also violate Wis. Stat. § 100.18(9)(a).

52. Indeed, Menards has not provided Plaintiff Rikker or Class members with a rebate on the price of any product purchased. Instead, Menards offered an in-store credit that they are eligible for only if they follow Menards' procedures to receive the in-store credit, the terms of which Menards does not fully disclose until after a purchase, and then decide to purchase additional products from a Menards home improvement store.

53. Menards' violations have damaged Plaintiff and Class members in an amount to be determined at trial.

**Second Cause of Action**
**Violation of Wis. Stat. 100.195**
**(On Behalf of the Unfair Billing Sub-Class)**

54. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein

55. As alleged herein, Menards' Rebate Sales offer reduced-price goods which commits the Plaintiff or sub-Class member to purchase from Menards other consumer goods

14

without making a full disclosure of all of the terms and conditions of that commitment at or before the time of purchase.

56. Menards' actions violate Wis. Stat. § 100.195(2).

57. Plaintiff and the sub-Class have suffered pecuniary loss because of Menards' violation and are entitled to recover twice the amount of their pecuniary loss, or $200 for each violation, whichever is greater, together with costs, including reasonable attorney fees.

**Third Cause of Action**
**Unjust Enrichment**
**(On Behalf of all Classes)**

58. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59. Menards actions alleged herein resulted in Plaintiff and Class members purchasing products during Rebate Sales without Menards providing them a rebate on the advertised price of the product they purchased.

60. Menards benefited financially by its violations of Wis. Stat. § 100.18 and by not providing a rebate on the price of products purchased by Plaintiffs and Class members.

61. Indeed, upon information and belief, Menards knows that it often will never even have to honor the in-store credit it provides in lieu of a rebate because, for example, it "expires" before consumers mail in the form.

62. Nonetheless, Menards accepts and retains the substantial benefit conferred on it by Plaintiff and the Class even though it is inequitable for it do so.

63. Accordingly, Menards has been unjustly enriched in an amount to be determined at trial.

## Fourth Cause of Action
**Misrepresentation - Intentional and Strict Responsibility**
**(On behalf of all Classes)**

64. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

65. Menards either knew that its representations alleged herein were untrue or it made them recklessly without caring whether its statements were true or false.

66. Menards had an economic interest in its Rebate Sales program and it made the statements and representations alleged herein with intent to deceive and induce the Plaintiff and Class members to act upon them.

67. Indeed, Menards either knew or ought to have known that no Plaintiff or Class member would receive a rebate "on" the price of any product they purchased during a Rebate Sale.

68. Menards misrepresentations therefore damaged Plaintiff and Class members in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A. An Order certifying this action as a class action;

B. An Order appointing Plaintiff as class representative and appointing counsel undersigned to represent the class;

C. An Injunction prohibiting Defendant from continuing to make untrue, deceptive and misleading statements about its Rebate Sales to Plaintiff and Class members;

D. An Injunction ordering Defendant to pay Plaintiff and Class members the rebate on the sales price;

E. An order awarding Plaintiff and Class members of all damages associated Defendant's conduct, including punitive damages;

F. An Order awarding Plaintiff and Class members restitution, a constructive trust, disgorgement, rescission, or other equitable relief as the Court deems proper;

G. An Order awarding attorneys' fees and costs;

H. An Order awarding pre-judgment and post-judgment interest; and

I. Such other and further relief as this Court may deem just, equitable, or proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable under the law.

Dated: September 6, 2017        **Crueger Dickinson LLC**

By: s/Charles J. Crueger
   Charles J. Crueger, Esq.
   *cjc@cruegerdickinson.com*
   Erin K. Dickinson, Esq.
   *ekd@cruegerdickinson.com*
   Krista K. Baisch, Esq.
   *kkb@cruegerdickinson.com*
   4532 N. Oakland Ave.,
   Whitefish Bay, WI 53211
   Direct: 414.210.3868

   **Hudock Law Group. S.C.**
   Luke Hudock, Esq.
   *lphudock@law-hlg.com*
   P.O. Box 83
   Muskego, WI 53150
   Direct: 414.526.4906
   Fax: 262.436.2400

**Attorneys for Plaintiff and the proposed Class**

17