UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | May 27, 2020 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2017-cv-1208 |
| CASE NAME: | Timothy Rikkers v. Menard, Inc. |
| NATURE OF HEARING: | Motion hearing |
| APPEARANCES: | Charles Crueger – Attorney for the plaintiff |
| | Benjamin Kaplan – Attorney for the plaintiff |
| | Luke Hudock – Attorney for the plaintiff |
| | James Boland – Attorney for the defendant |
| | Andrew Nordahl – Attorney for the defendant |
| | Brian Norton - Attorney for the defendant |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 9:34 a.m. – 11:38 a.m. |

## AUDIO OF THIS HEARING AT DKT. NO. 94

The court noted that it had rescheduled this hearing at the request of the parties and to accommodate the court's calendar. The court gave a summary of the case.

The defendant filed a motion to seal three documents submitted in response to the plaintiff's motion for class certification: the defendant's memorandum in response to the motion for class certification, the expert report of Debra Aron and the declaration of Alan Kufahl.

The court explained the requirements of General Local Rule 79(d) governing motions to restrict (which was what the court assumed the defendant wanted to do because sealing a document would make it inaccessible to anyone but the court). After an extensive explanation of why the defendant's motion was not sufficient under either Gen. L.R. 79(d) or Seventh Circuit precedent, the court indicated that it would deny the motion without prejudice and give the defendant ten days to file a motion that complies with both Gen. L.R. 79(d) and Baxter.

The court then turned to the motion to certify the class. The court gave a background of the motion and noted that the complaint and the class certification motion defined the proposed classes differently. It also noted that the class certification motion did not address the misrepresentation claim.

The court then gave the parties the opportunity to present argument, but asked them to address specific issues:

1. The descriptions of the classes and how they had changed from the complaint to the briefing the parties submitted, particularly with respect

1

to the new claim under ATCP §124.03 (which did not appear in the
       complaint).
    2. The fact that the class certification motion did not address the
       misrepresentation claim, and whether that meant the plaintiff was not
       pursuing it.
    3. The Rule 23(b)(3) requirement of predominance, and specifically how the
       choice-of-law dispute related to that requirement.

   The plaintiff's counsel explained that the class definitions had changed from the filing of the complaint to the motion to certify the class because the plaintiffs had tried to narrow the class, accounting for the court's questions and concerns from the last hearing. He agreed that the plaintiffs were not seeking to certify the misrepresentation claim for the class. Counsel asserted that the plaintiff was not required to conduct a choice-of-law analysis. He also argued that the amount of the loss to each individual plaintiff did not matter; what mattered was that the defendant's representations were false and caused the individual to make the purchase and seek the rebate.

   Defense counsel agreed that the plaintiff had narrowed the classes. He argued, however, that the plaintiff still must show that the allegedly false representation caused pecuniary loss. Counsel argued that the plaintiff never discussed choice of law in the brief supporting the motion and asserted that he had been unable to identify a question common to the class. He reminded the court that the plaintiff has the burden of proving each of the required elements under Rules 23(a) and 23(b)(3).

   The plaintiff's counsel explained that the unjust enrichment class is confined to the state of Wisconsin. In the course of oral argument, he also indicated the class could be narrowed based on the statutory claims the court finds viable.

   The court thanked the parties for their arguments, indicating that it needed to review them before issuing a decision. The court will try to get a decision to the parties soon on the motion to certify the class.

   The court **DENIES WITHOUT PREJUDICE** the defendant's motion to seal and **ORDERS** that the documents shall remain restricted for **ten days** from the date of this order. If, within ten days of the date of this order, the defendant files a motion that complies with both Gen. L.R. 79(d) and Baxter, the court will rule on that motion. If the defendant does not file a motion within

ten days of the date of this order, the court will order the clerk to disclose the documents on the public docket on the next business day. Dkt. No. 67.

Dated in Milwaukee, Wisconsin this 27th day of May, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**